IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES E. RICKS, JR.,
ADC #116011                                                                                           PLAINTIFF

v.                                            5:08CV00067HLJ

SGT. CLARK, et al.                                                                                 DEFENDANTS

MEMORANDUM AND ORDER

I.  Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #38). Plaintiff filed a response in opposition to the motion (DE #45).

Plaintiff is a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging failure to protect and failure to provide medical attention with respect to a beating he suffered while incarcerated at the W.C. Dubb Brassell Detention Center (Jail) in March, 2008.  Specifically, plaintiff alleges on March 3, 2008 defendant Clark permitted an intoxicated detainee, Mr. Tripp, to be housed in the same area as plaintiff and others, despite the fact that Tripp had made verbal threats to the officers prior to his placement.  Plaintiff was later attacked by inmate Tripp after his threats were ignored by defendant Clark.  Plaintiff alleges he later notified defendant Hurst of the incident in a grievance, but Hurst failed to resolve the issue.  Finally, plaintiff alleges the attack left him "dizzy and dazed" and that he suffered a "small cut on my jaw."  Plaintiff states although he requested alcohol wipes and band aids for treating his cut, the two nurses at the Jail did not provide him medical assistance.   Plaintiff asks for monetary and injunctive relief.

II.  Summary Judgment Motion

A, Defendants' Motion

In support of their motion, defendants state plaintiff's claims against them should be

1

dismissed for the following reasons: 1) plaintiff's allegations against defendants in their official capacities fail to include allegations of custom or policy of their employer, Jefferson County, which resulted in a violation of his constitutional rights; 2) plaintiff's allegations against them in their individual capacities fail to support a finding that defendants were deliberately indifferent to a known risk of serious harm to him because there is no evidence that the defendants were put on notice of the inmate's propensity for violence against plaintiff prior to the attack, and because plaintiff fails to allege any personal involvement in the incident by defendant Hurst; 3) plaintiff's allegations of denial of medical care are not directed at either of the named defendants, and plaintiff's de minimis injuries are insufficient to support a finding of injury, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997.  Defendants also state they are protected from liability by qualified immunity because their actions did not violate a clearly established constitutional right of the plaintiff.

In further support of their motion, defendants provide to the Court the incident report filed by defendant Clark which states at the time inmate Tripp entered the Jail he did not appear intoxicated on alcohol or drugs and did not threaten any of the deputies.  In addition, defendant Clark states she was called to the Pod later that evening by another deputy, at which time inmate Tripp was removed from the Pod and plaintiff was questioned.  According to this report, plaintiff stated he and Tripp knew each other from the street where they had been involved in previous altercations, and Tripp wanted to bring those issues into the Jail.  Defendant also states in her report that plaintiff refused medical treatment. (DE #39, Ex. 6).

B.  Plaintiff's Response

In his response, plaintiff denies ever knowing inmate Tripp before the incident, and further states defendant Clark was warned by another deputy of threats made by Tripp and should have removed him from the Pod before he caused harm to plaintiff.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

D.  Analysis

1) Failure to Protect - In this particular case, it appears that the incident occurred before plaintiff was convicted of a crime, and therefore, he was incarcerated at the Jail as a pretrial detainee.  A pretrial detainee's failure to protect claim is analyzed the same as similar claims filed by prisoners.  Thomas v. Booker, 784 F.2d 299 (8th Cir. ) (en banc), cert denied, 476 U.S. 1117 (1986).  A prison official violates the Eighth Amendment only if he acts with deliberate indifference to a substantial risk of harm to the detainee, and the detainee must prove that the official's acts objectively caused a serious deprivation and that the official was aware of facts from which an inference could be drawn that a substantial risk or serious harm existed.  Farmer v. Brennan, 511 U.S. 825, 834, 837; Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998).

First of all, with respect to plaintiff's allegations against defendant Hurst, the Court finds

absolutely no evidence that he was aware of any risk of harm to plaintiff or that he was involved with the incident at the time it occurred. In fact, at one point in his amended complaint, plaintiff states defendant Hurst was suspended at the time of the incident. Therefore, the Court finds as a matter of law that plaintiff fails to support a failure to protect claim against defendant Hurst.

With respect to defendant Clark, plaintiff claims Clark disregarded reports of threats made by inmate Tripp and failed in her duty to remove Tripp prior to the incident which occurred. However, plaintiff denies ever knowing inmate Tripp, and also does not allege Tripp made any specific threats toward him or toward any of the other inmates. Rather, plaintiff alleges Tripp threatened the guards and threatened to commit suicide. Therefore, taking the facts as alleged by the plaintiff, the Court finds no evidence to support a failure to protect claim against defendant Clark, or any facts from which an inference could be drawn that a substantial risk of serious harm to plaintiff existed. Furthermore, the Court notes that several cases have held that qualified immunity is appropriate when an Eighth Amendment failure to protect claim arises from inmate injuries resulting from a surprise attack by another inmate. See Tucker v. Evans, 276 F.3d 999, 1001, (8th Cir. 2002); Curry v. Crist, 226 F.3d 974, 978-9 (8th Cir. 2000); Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). Within the context of these cases, defendant Clark is entitled to qualified immunity unless a reasonable official would have known that Tripps' actions constituted a deliberate, callous, or reckless disregard for plaintiff's safety. Tucker, supra, 276 F.3d at 1001. In this case, as noted above, plaintiff has presented no evidence that Clark was deliberately indifferent to such a risk.

2) Medical Care - In order to support a claim for denial of medical care, plaintiff must present evidence to show that defendants were deliberately indifferent to his serious medical needs. See Farmer v. Brennan, supra. In this particular case, plaintiff never alleges he asked defendants for medical care and treatment. Rather, he states two non-party nurses failed to respond to his

4

requests.  Furthermore, it is clear from plaintiff's own description that his injuries were not serious.  Plaintiff alleges being dizzy for a minute and suffering a small cut on his chin.  He does not allege any lasting dizziness effects and does not allege that the cut on his chin continued to bleed or caused any further harm to him.  Therefore, the Court finds this claim against defendants should be dismissed as a matter of law.

In conclusion, the Court finds no material dispute of fact concerning the incidents at issue and that defendants are entitled to judgment as a matter of law on plaintiff's claims against them.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #38) is hereby GRANTED and plaintiff's complaint against defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 27th day of January, 2009.

_____
United States Magistrate Judge